991 F.2d 789
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Scott DUNNING, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1101.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 12, 1992
Decided: April 20, 1993
 
 On Appeal from the United States Tax Court. (Tax Ct. )
 Robert Scott Dunning, Appellant Pro Se.
 Gary R. Allen, Charles Edward Brookhart, Randolph L. Hutter, UNITED STATES DEPARTMENT OF JUSTICE, for Appellee.
 U.S.T.C.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Scott Dunning appeals from the tax court's order finding him liable for additional taxes and penalties for tax years 1985 and 1986 resulting from the disallowance of certain deductions taken in connection with his activities as an artist, and from the tax court's denial of his motion to vacate. We affirm.
 
 
 2
 Dunning is employed full-time as a physicist by the National Aeronautics and Space Administration in Hampton, Virginia. His salary in 1985 was $40,946.40 and in 1986 was $41,214.40. On his 1985 and 1986 tax returns, Dunning claimed $28,708.00 and $27,411.21, respectively, as business expense deductions incurred in his portrait painting business. The majority of these deductions was comprised of mortgage interest and depreciation taken on a condominium in Virginia Beach, Virginia, which Dunning claims is his studio.[1] The Commissioner disallowed the deductions entirely. Dunning petitioned the tax court for review of the Commissioner's decision, arguing that his painting constitutes a legitimate business activity. The tax court, however, agreed with the Commissioner, finding that Dunning's art business was not engaged in for profit. The tax court also found Dunning liable for penalties under I.R.C. § 6653(a)(1)(A), (B) (1988). Dunning's motion to vacate the tax court's decision was denied. Dunning appeals.
 
 
 3
 Taxpayers are allowed a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business under I.R.C. § 162(a) (1988). If an activity is deemed "not engaged in for profit," however, the deductions are limited to the extent of gross income from the activity. I.R.C. § 183 (1988). Under section 183, the "hobby loss" provision, the taxpayer has the burden of persuasion to show that he is engaged in an activity for profit. Nickerson v. Commissioner, 700 F.2d 402, 404 (7th Cir. 1983).[2]
 
 
 4
 Whether an activity was a business or a hobby is a question of fact and the tax court's determination is reviewed for clear error. Faulconer v. Commissioner, 748 F.2d 890 (4th Cir. 1984); I.R.C. § 7482(a) (1988). This determination is to be made "by reference to objective standards, taking into account all of the facts and circumstances of each case. A taxpayer's mere statement of intent is given less weight than objective facts." Faulconer, 748 F.2d at 894.
 
 
 5
 Applying the factors provided by the income tax regulations to Mr. Dunning, the tax court properly concluded that his art activity was not engaged in for profit within the meaning of section 183. See 26 C.F.R. § 1.183-2(b)(1)-(9) (1992). First, Dunning admitted that he sold no more than three or four paintings between 1980 (the beginning of his art "business") and 1987. Two of the paintings he claims to have sold were sold to his friend and witness in the proceedings below, Dr. Brooks. Dunning has never shown a profit. On the contrary, he reported net losses of $28,708 and $27,411 on his 1985 and 1986 tax returns. The condominium which he claims is his art studio is equipped with a jacuzzi and is located in a popular beach resort. In addition, Dunning earned substantial income from his employment with NASA: a factor weighing against a finding of a profit motive. See Faulconer, 748 F.2d at 897 ("[I]f the taxpayer does have substantial income from such other sources, particularly if losses from the activity generate substantial tax benefits, that may indicate the activity is not engaged in for profit").
 
 
 6
 Dunning's only evidence of his profit motive consisted of his testimony and some photographs of his paintings on display at sidewalk art shows. Given the evidence supporting the Commissioner's determination, we find that the tax court's conclusion is far from clearly erroneous.
 
 
 7
 The tax court also found Dunning liable for penalties under I.R.C. § 6653(a)(1), (2) (1988) which provide for (1) a five percent addition to any tax underpayment resulting from negligence and (2) an addition equal to fifty percent of accrued interest on any underpayment attributable to negligence. Dunning bears the burden of proving that the Commissioner's assessment of these penalties was erroneous. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986). Dunning has not met this burden. This is not his first attempt to prove that his art activity is a bona fide business: his appeal of the tax court's decision on the same issue with respect to his 1982, 1983, and 1984 taxes was affirmed by this Court. Dunning v. Commissioner, No. 88-2074 (4th Cir. Oct. 20, 1988) (unpublished).
 
 
 8
 The Commissioner has requested that this Court impose sanctions pursuant to Fed. R. App. P. 38 in the amount of $1500 for the filing of a "frivolous appeal." This request is denied.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Dunning also claimed deductions for expenses incurred in travelling to Europe, New York, Washington, D.C., and Florida, ostensibly to purchase art supplies and visit art museums
 
 
 [2]
 This Court has held this burden to be "merely a corollary to the general rule that an assessment of the Commissioner is presumptively correct and the taxpayer has the burden of proving it wrong." Faulconer v. Commissioner, 748 F.2d 890, 893 (4th Cir. 1984), citing Welch v. Helvering, 290 U.S. 111, 115 (1933)